## RICHARD GRAHAM ET AL.

### v.

## JOHN MEEHAN ET AL.

MECHANICS' LIEN—TIME FOR COMPLETION OF CONTRACT.—A mechanic or material man may have a lien for work done or materials furnished within one year from the commencement of the work or the time of furnishing the

materials, although no time is mentioned in the contract for the completion of the work.

ERROR to the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding. Opinion filed November 5, 1879.

Mr. ALBION CATE, for plaintiffs in error; that no time for the completion of the work need be specified in the sub-contractor's contract, cited Clark v. Manning, 11 Chicago Legal News, 186; Driver v. Ford, Ill. Sup. Ct. 1879; Chapman v. Cleland, Ill. Sup. Ct. 1879; Orr v. N. W. Mut. Life Ins. 86 Ill. 260.

Complainants are not concluded by other suits to enforce liens, to which they were not made parties: Thielman v. Carr, 75 Ill. 385.

The owner is liable, if the contractor fails to complete his contract, for so much as the work and materials furnished are worth, first deducting all payments rightfully made: Morehouse v. Moulding, 74 Ill. 322; Mehrle v. Dunne, 75 Ill. 239.

A sub-contractor has twenty days after completion of his work in which to give the owner notice, and any payments made to the contractor within that time will not defeat his rights: Havighorst v. Lindberg, 67 Ill. 463; Morehouse v. Moulding, 74 Ill. 325; Driver v. Ford, Ill. Sup. Ct. 1879; Ditch v. Vollhardt, 82 Ill. 134.

It was error to deny the motion to make Werner, a material man, a defendant: Mehrle v. Dunne, 75 Ill. 239.

Messrs. M. A. RORKE & SON, for defendants in error; that the allegations and proof must correspond, cited Thomas v. Industrial University, 71 Ill. 310; Crowl v. Nagle, 86 Ill. 437; Roby v. Cossitt, 78 Ill. 638; Stein v. Schultze, 23 Ill. 646; Sutherland v. Ryerson, 24 Ill. 517; Randolph v. Onstott, 58 Ill. 52; Bush v. Connelly, 33 Ill. 447; Tuck v. Downing, 76 Ill. 71; Morris v. Tillson, 81 Ill. 607.

A sub-contractor can have no lien unless it is in conformity with the original contract: 1 Gross' Stat. 1871, 426.

The whole act is to be construed together: Biggs v. Clapp, 74 Ill. 335.

The original contractors could have no lien because no time was specified for the completion of the contract: Powell v. Webber, 79 Ill. 134; Fish v. Stubbings, 65 Ill. 492; Brown v. Lowell, 79 Ill. 484.

Exceptions are not necessary in chancery: Smith v. Newland, 40 Ill. 100.

This suit should have been consolidated with the lien suit which first obtained jurisdiction: Schnell v. Clements, 73 Ill. 613; Thielman v. Carr, 75 Ill. 385.

Plaintiffs cannot assign for error that which does not prejudice their rights: Clark v. Marfield, 77 Ill. 258; Van Pelt v. Dunford, 58 Ill. 145; Crowl v. Nagle, 86 Ill. 437; Dunphy v. Riddle, 86 Ill. 22; Richards v. Greene, 78 Ill. 525.

Generally as to the rights of defendants in error: Biggs v. Clapp, 74 Ill. 335; Ford v. Ford M'f'g Co. 73 Ill. 48.

Wilson, J. This was a petition by Graham and McKay for a sub-contractor's lien against defendant Meehan as owner, defendants Sanderson and Clements as original contractors, and defendant Eilen as co-material man. The petition was filed in February, 1874, and the proceeding is based upon the statute of 1869 concerning liens.

Answers and replications were filed, proofs taken, the case was fully heard by the court below, and a decree was entered dismissing the bill.

In addition to the usual certificate of evidence, the judge before whom the case was heard certifies that he would have found that the petitioners Graham and McKay were entitled to a decree in their favor, but for the fact that the original contractors could have no lien, because no time was stated in their contract for the completion of the work, and that for that reason solely he dismissed the petition of these sub-contractors. The attention of the learned judge was doubtless not called to the case of Clark et al. v. Manning et al., decided by the Supreme Court of this State, and reported in Vol. XI, Legal News, page 186, in which it was held that a mechanic or material man may have a lien for work done or materials furnished within one year from the commencement of the work

or the time of furnishing the materials, although no time is mentioned in the contract, overruling several of its previous decisions to the contrary.

Inasmuch as the court below dismissed the petition specifically upon a ground that was untenable, and but for the existence of which, it may be assumed, he would have decided the other way, and as there is evidence in the case tending to show merits in favor of the petitioners, we have deemed it proper to reverse the decree of the court below, and remand the case for a new trial.

It is unnecessary to express any opinion upon any other questions presented by the record, but we will add that the state of the accounts between the various parties are so complex that an appellate court should not be called upon to examine into them, but the case should first be sent to a Master to ascertain and state the account.

Decree reversed and cause remanded.

Reversed and remanded.